UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-61915-CIV-COOKE/HUNT

GOYARD ST-HONORE,

        Plaintiff,

vs.

CRABAG, *et al.*,

        Defendants.

_____/

### REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE comes before this Court on Plaintiff Goyard St-Honore's Motion for Preliminary Injunction (the "Motion for Preliminary Injunction"), ECF No. 6, against Defendants,[1] pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  The Honorable Marcia G. Cooke, United States District Judge, referred the Motion for the Preliminary Injunction to the undersigned. ECF No. 8; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.   The undersigned has carefully reviewed the pleadings, the record in this case, the applicable law and is otherwise fully advised in the premises.

The undersigned held a hearing on January 5, 2021, at which only counsel for Plaintiffs was present and available to present evidence supporting the Motion for Preliminary Injunction.  Defendants have not responded to the Motion for Preliminary

---

[1] Defendants are the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto.

Injunction, nor made any filing in this case, nor have the Defendants appeared in this matter either individually or through counsel.  For the reasons more fully discussed below, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Preliminary Injunction, ECF No. 6, be GRANTED.

## I.   FACTUAL BACKGROUND[2]

Plaintiff is the owner of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Goyard Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 1,709,953 | August 25, 1992 | IC 016 – Office requisites; namely, agendas and spare sheets therefor, repertories, desk pads, pen holders, stamp boxes for the storage of postage stamps, writing pads, address pads, pencil jars for desk use, ink wells, mail trays for desk use, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases, travelling bags, handbags, brief cases, attache cases, brief case type document cases, toilet cases sold empty, makeup cases sold empty, sewing cases, wallets, hat boxes for travel, |

---

[2] The factual background is taken from Plaintiff's Amended Complaint, ECF No. 19, Plaintiff's Motion for Preliminary Injunction, ECF No. 6, and supporting evidentiary submissions. Plaintiff filed declarations and exhibits annexed thereto in support of its Motion for Preliminary Injunction.  The declarations are available in the docket at the following entries:  Declaration of Declaration of Jean-Laurent Thierry, ECF No. 6-1, Declaration of T. Raquel Wiborg-Rodriguez, ECF No. 6-2, Declaration of Kathleen Burns, ECF No. 6-3.

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | business card cases, key cases, drawstring pouches, garment bags for travel, necktie cases, jewel cases, umbrellas, saddle covers, cloth carriers, articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.

IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, traveling bags, handbags, briefcases, attache cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| <br>(E. Goyard Honore Paris) | 3,418,288 | April 29, 2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 4,036,898 | October 11, 2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the face and body for aesthetic purposes; deodorants for personal use.<br><br>IC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.<br><br>IC 014 – Precious metals and their alloys, other than for dental use; goods made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; |

| Trademark | Registration Number | Registration Date | Class / Goods |
|-----------|--------------------|--------------------|----------------|
|           |                    |                    | unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks. |
|           |                    |                    | IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile. |
|           |                    |                    | IC 025 – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gaberdines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, slippers; hats, berets, caps. |
|           |                    |                    | IC 028 – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, bats for games, boxing gloves, golf gloves, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | golf clubs, golf bags; decorations for Christmas trees. |
|  | 5,532,309 | August 7, 2018 | IC 009  – Spectacles, sunglasses, spectacle cases, spectacle frames, spectacle cords; protective cases for portable telephones, tablet computers, electronic diaries and computers; portable telephones shell cases, portable telephone straps; cases especially made for photographic apparatus and instruments; binoculars being optics; cases for binoculars; magnifying glasses being optics; cases for magnifying glasses; digital photo frames; blank USB flash drives; mouse pads; barometers; dog whistles, cases for dog whistles.<br><br>IC 014  – Jewelry, namely, finger rings, key rings, earrings, cufflinks, cases for cuff links, bracelets, charms, brooches, jewelry chains, necklaces, presentation boxes for jewelry, ornaments being jewelry, medallions being jewelry, jewelry boxes; tie pins, tie clips; timepieces and chronometric apparatus and instruments, namely, watches, straps for wrist watches, presentation boxes for watches, cases being parts of watches, alarm clocks; boxes of precious metals, their alloys or coated therewith<br>IC 016  – Printed matter, namely, posters, photo albums, greeting cards, postcards; printed matter, namely, books, magazines, orientation manuals, photographs, periodicals in the field of leather goods, travel goods, leather accessories and bags, pet |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | accessories, clothing and fashion accessories; checkbook holders; products made of cardboard or paper, namely, boxes of cardboard or paper, hat boxes of cardboard, bags being envelopes and pouches of cardboard or paper for packaging, paper table cloths, perfumed and non-pe1fumed drawer liners of paper, money clips, passport holders, table napkins of paper; office requisites excluding furniture, namely, diaries, stationery pads, notebooks, binders, cases for stamps, cases for stationery, paper knives, diary covers being stationery, letter trays, writing sets comprising inkstands and stationery, envelopes being stationery, shields being paper seals, writing paper, trays for sorting and counting money, document holders, paperweights, telephone indexes, desk pads, stamps, namely, sealing stamps; writing instruments, namely, pens, ball-point pens, propelling pencils, pencil holders, pencil cases.<br><br>IC 018 – Products made of leather or imitations of leather, namely, straps of leather, leather leashes, boxes of leather or imitation leather, wallets of leather or imitation leather, briefcases of leather; traveling trunks, traveling bags, leather traveling sets, namely, leather cases and pouch sets for travel, garment bags for travel; trunks, attache cases, suitcases; unfitted vanity cases, backpacks, handbags, beach bags, sports bags, bags for carrying animals, briefcases, purses, wallets, coin purses, key cases |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | being leather products, card cases being wallets, credit card holders being wallets; umbrellas, umbrella sticks, walking sticks, walking stick seats, collars for animals, animal leashes; clutch bags.<br><br>IC 024 – Fabrics and textile products, namely, textile wall hangings, household linen, bed linen, table linen of textile, bath linen except clothing, handkerchiefs of textile, covers for cushions, unfitted fabric chair covers, traveling rugs, lap robes.<br><br>IC 024 – Clothing, namely, suspenders, belts being clothing, neckties, socks, shawls, sashes for wear, scarves, gloves, bathing suits, bath robes, pocket squares being clothing; footwear, namely, sandals, boots, slippers; headgear, namely, hats, berets, caps being headwear. |

*See* ECF No. 6-1 at ¶¶ 4-5. The Goyard Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above. *See Id.* at ¶¶ 4-5.

Defendants, through the operation of Internet based e-commerce stores operating under their seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions or colorable imitations of the Goyard Marks. *See id.* at ¶¶ 9-13; ECF No. 6-2 at ¶ 2; ECF No. 6-3 at ¶ 4.

Although each Defendant may not copy and infringe each of the Goyard Marks for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Goyard Marks. *See* ECF No. 6-1 at ¶¶ 9-13. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Goyard Marks. *See id.* at ¶¶ 9, 12-13.

Plaintiff retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the suspected sale of counterfeit and infringing versions of Plaintiff's branded products by Defendants. *See* ECF No. 6-1 at ¶ 10; ECF No. 6-2 at ¶ 2; ECF No. 6-3 at ¶ 3. Invisible accessed the e-commerce stores operating under the Seller IDs, placed orders from each Seller ID for the purchase of various products, all bearing and/or using counterfeits of, at least, one of the Goyard trademarks at issue in this action, and requested each product to be shipped to Invisible's address in the Southern District of Florida. *See* ECF No. 6-3 at ¶ 4. Each order was processed entirely online, and following the submission of its orders, Invisible received information for finalizing payment[3] for the products ordered via Defendants' respective payee[4] as identified on

_____

[3] Invisible was instructed to not transmit the funds to finalize the sale for the orders for most of the Defendants so as to avoid adding money to Defendants' coffers. *See* ECF No. 6-2 at ¶ 2, n.2; ECF No. 6-3 at ¶ 4, n.1.

[4] Defendant Numbers 1-17 operate via the non-party e-commerce marketplace platform, Amazon.com. Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendants' payment information is not publicly disclosed. *See* ECF No. 6-2 at ¶ 4; ECF No. 6-3 at ¶ 4, n.2.)

Defendant Numbers 18-34 operate via the non-party e-commerce marketplace platform, Wish.com ("Wish"), which is operated by ContextLogic Inc. ("ContextLogic"). The payee

Schedule "A" hereto.  (*See id.*)  At the conclusion of the process, the detailed web page captures and images of Plaintiff's branded products ordered via Defendants' Seller IDs, together with photographs of some of the products received, were sent to Plaintiff's representative for inspection.  *See* ECF No. 6-1 at ¶ 11; ECF No. 6-2 at ¶ 2.

Plaintiff's representative reviewed and visually inspected the detailed web page captures and photographs reflecting Plaintiff's branded products Invisible ordered from Defendants Sellers IDs, and determined the products were not genuine versions of Plaintiff's goods.  *See* ECF No. 6-1 at ¶¶ 12-13.

On September 21, 2020, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. ECF No. 6.  On December 11, 2020, this Court entered a Sealed Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and temporarily restrained Defendants from infringing the Abercrombie Marks at issue.  ECF No. 13.  Pursuant to the December 11, 2020, Order, Plaintiff properly served each Defendant with a copy of the *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, the Court's December 11, 2020 Order, and all filings in this matter. Thereafter, Plaintiff filed certificates of service confirming service on Defendants. ECF Nos. 22, and 23.

---

for the orders placed on Wish.com identifies "PayPal *Wish," which is the aggregate PayPal account for purchases made via Wish.com.  *See* ECF No. 6-2 at ¶ 5; ECF No. 6-3 at ¶ 4, n.2.

Defendant Numbers 35-151 operate via the non-party Internet marketplace platform, DHgate.com, and have their payments processed on their behalf via DHgate.com's third-party payment platform, DHpay.com. The DHgate.com and DHpay.com platforms are operated by the Dunhuang Group, who utilizes Camel FinTech Inc to process transactions on behalf of DHgate.com to its customers.  *See* ECF No. 6-2 at ¶ 6; ECF No. 6-3 at ¶ 4 n.2.

## II.   <u>LEGAL STANDARD</u>

To obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.   <u>ANALYSIS</u>

The declarations Plaintiff submitted in support of its Motion for Preliminary Injunction support the following conclusions of law:

A.    Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sales, offers for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the Goyard Marks, and that the products Defendants are selling and promoting are copies of Plaintiff's products that bear and/or use copies of the Goyard Marks;

B.    Because of the infringement of the Goyard Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Amended Complaint, Motion for Preliminary Injunction, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

1.      Defendants own or control e-commerce stores via Internet marketplace websites operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; and

2.      There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as manufacturer and distributor of quality products, if such relief is not issued.

D.      The public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

E.      Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the Goyard Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.     Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.,* 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)); and

G.     In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.     <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Preliminary Injunction, ECF No. 6, is GRANTED as follows:

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of the Court:

> a.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Goyard Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b.  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the Goyard Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Goyard Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or

held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of the Court, the use of the Goyard Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of the Court, the use of the Goyard Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4)     Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this action, or until further order of the Court;

(5)     Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the

Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), and Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, and their related companies and affiliates shall, to the extent not already done, (i) immediately identify and restrain all funds in all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs and/or store numbers identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the exact same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

(7)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, ContextLogic, Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data

that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, ContextLogic, and Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(8)    This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by Defendants for the purpose of counterfeiting the Goyard Marks at issue in this action and/or unfairly competing with Plaintiff;

(9)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(10)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(11)    Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace platforms, including but not limited to Amazon, ContextLogic, and DHgate.com, and their related companies and affiliates shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs; and

(12)    This Order shall remain in effect during the pendency of this action, or until such further dates as set by the Court or stipulated by the parties.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); see Thomas v. Arn, 474 U.S. 140 (1985).

**DONE and ORDERED** at Fort Lauderdale, Florida, this 5th day of January 2021.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Marcia G. Cooke
All counsel of record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, SELLER ID, AND FINANCIAL ACCOUNTS**

| Def. No. | Defendant / Seller ID | Financial Account Information: Store Number / Merchant ID | Infringing Product ASIN /Number |
|---|---|---|---|
| 1 | Crabag | A26E1XA0IV8UKN | B084GPJX66 |
| 2 | DFSFOE | A2W4OMPKLZAIJX | B07RP9D76B |
| 3 | FallDo | A7NLMXS358Q21 | B082SRGYVL |
| 4 | hjghjkyhu | A2XG17D08F618K | B07ZT36WWT |
| 5 | INfsnOWx | A1DM1LAIWYLG5F | B07YMX51F1 |
| 6 | Itbag | A138OFDLBSHISJ | B082SQP9TM |
| 7 | KaiSasi | A3I0Z4REDU7BEB | B0842LYCGY |
| 8 | Kerag | AT3G2OWDMO16S | B084GNZ68G |
| 9 | Klisa Losa | A25NA8YP7MGFYD | B083TNMYQD |
| 10 | KunChick | A2J3DW8JJ53VXH | B084GP36XF |
| 11 | Layert | A2G0ERVMEWLNF5 | B085CBWQGJ |
| 12 | Linelie | A4B7NQJ2NATQZ | B08DR3N97K B08DR5XMKK |
| 13 | wenyienyunyingtongyongpin | A1DBSBC29UBDIE | B0842LTL2J |
| 14 | xingzhouwangluokeji | AP31YR1PEM9MI | B0842M1H7V |
| 15 | yrdudfyu7t | A29WEMGK7ZQTS1 | B086995C8H |
| 16 | ZBW-Shopping Mall | A2UX2NFFT7SIKT | B07THKFVKM |
| 17 | ZooZooZ | A21MVISG7KLJXS | B084GNZZDR |
| 18 | 2016-Flower | 57f652e22e8dc95af9625f73 | 5edf48cf30644f4397dc86db |
| 19 | AllisonHerring | 5eae74bb7fc967f04323d997 | 5eb94d468bdf6501fd06028b |
| 20 | AshleighJuenKidsFashion | 59c13bbd9fbc5126e4be3e68 | 5e3bcdd3daadf71605473423 |
| 21 | Baobaokingdom | 5e5c641b6ac64e9060f9de18 | 5e5e54cdcef11e0fc06c379f |
| 22 | ccmmstudio | 57f111dbe41db110026666f3 | 5e4378cf482e241e20a6be94 |
| 23 | coriastore | 5e5737f3579a4416037f6224 | 5e5dc697ce1d4a2109d4ff84 |
| 24 | gorunningsport | 5a3bbecc6ecee03f5755e12b | 5f18f75338b45226edb0b78d |
| 25 | KobeloveGiGi | 5e6300f400ff3712548f3e2b | 5e8d3c2bfcc85c077489ae51 |
| 26 | manufacturing industry | 584abbafe3476b08a3a3f242 | 5e4f88855dafd33d6c01d4d9 |
| 27 | MisaelStore | 5e606b84d0e9af268015787c | 5e7d6697de9cbf280e61fd7b |
| 28 | RachelJStarks | 599ea16230e1f31f769fb871 | 5e5e4f5d2f20777092d7c0ed |
| 29 | Red Starry Sky | 5e572f12402bad25b33f41a1 | 5e66f47789b76421e445f564 |
| 30 | SHASTABOM | 5dfb7f49fffb6e1f583c0f9d | 5e40c2482261bc3e85d24fa4 |
| 31 | sportrunfast | 5a3862fe518c1c02fbb3b94c | 5f18f21e81374f22f9f2a81d |
| 32 | supercoolshop | 59d25752989ae00ff7e140d6 | 5f0e62684552870802697455 |
| 33 | x916f521 | 5b1e79eb7752c8249e86e430 | 5d43d8570c7d817b750b4a5e |
| 34 | zhangjianjun | 583eeb56f097ec1b8a861212 | 5e16a644d4ec83085f9c568f |
| 35 | abc32188888 | 21296731 | 509637399 |
| 36 | Aiqiao988 | 21403847 | 527782427 |
| 37 | Ajshoesstore | 20998222 | 515689392 |
| 38 | Bags252 | 14826857 | 431008876 |

| Def. No. | Defendant / Seller ID | Financial Account Information: Store Number / Merchant ID | Infringing Product ASIN /Number |
|---|---|---|---|
| 39 | Bags257 | 20121990 | 530043719 |
| 40 | Bags258 | 20121761 | 431045732 |
| 41 | Bagzhao521 | 21159327 | 454570571 |
| 42 | Besthandbag368 | 20635560 | 512468160 |
| 43 | Bfbm665817 | 21423869 | 514623218 |
| 44 | Broosnan6 | 20974868 | 526599697 |
| 45 | Broosnan8 | 21177048 | 526602818 |
| 46 | Caihong3698 | 21417007 | 515750805 |
| 47 | Cfc778 | 21150423 | 547075953 |
| 48 | Chenguib | 20808357 | 478241429 |
| 49 | Cicilylovely | 20119322 | 507103514 |
| 50 | Cuppozoo | 20951757 | 463507395 |
| 51 | Cy003 | 20082315 | 477066141 |
| 52 | Cy004 | 20087158 | 526861706 |
| 53 | Damson3219 | 21248935 | 528085522 |
| 54 | Dapiao | 21195686 | 506964243 |
| 55 | Daqiao2020 | 21422731 | 511112296 |
| 56 | Dhgate_number1 | 21430057 | 516675874 |
| 57 | Dichen | 21229513 | 511173408 |
| 58 | Duobao20188 | 21430903 | 514414201 |
| 59 | Fanxunchun168 | 21231632 | 538416791 |
| 60 | Fashionbags566 | 20983780 | 420494046 |
| 61 | Fashionbags999 | 20436237 | 463991623 |
| 62 | Fenchu | 20331296 | 461155831 |
| 63 | fire_0614 | 21056017 | 510291723 |
| 64 | Fr006 | 20118899 | 430312807 |
| 65 | Fr008 | 20131156 | 529990588 |
| 66 | Freda6825 | 14228632 | 540355202 |
| 67 | Goyardbag111 | 21227716 | 453379246 |
| 68 | goyardwomenbag2020 | 21536078 | 554144845 |
| 69 | Hai09 | 21357570 | 490905851 |
| 70 | Handbagstore8899 | 21430794 | 514942348 |
| 71 | Hanfei012 | 21072336 | 432061818 |
| 72 | Helen0623 | 20112541 | 396554473 |
| 73 | Hjf8866 | 21254474 | 455518408 |
| 74 | Hot_spinner | 20717822 | 419382223 |
| 75 | Hotfashion16 | 21427645 | 515525639 |
| 76 | Huali5188 | 21423182 | 513186014 |
| 77 | Huang555885 | 20521984 | 404504016 |
| 78 | Hzg52000 | 21385632 | 538603207 |
| 79 | It3cgoods | 21216157 | 482323899 |
| 80 | Iwalkers06 | 20832785 | 454812340 |

| Def. No. | Defendant / Seller ID | Financial Account Information: Store Number / Merchant ID | Infringing Product ASIN /Number |
|---|---|---|---|
| 81 | Jianshuo20030303 | 21291251 | 475182336 |
| 82 | Jixiang618 | 21075741 | 515102558 |
| 83 | Kaiyi527 | 21127583 | 454795328 |
| 84 | Kangaroo9 | 20910147 | 472361574 |
| 85 | Kindly10010 | 21039784 | 432966963 |
| 86 | Kuaileshiguang369369 | 21434517 | 516571790 |
| 87 | Kuaileshiguang68688 | 21434492 | 516579417 |
| 88 | lameijin | 21527941 | 550454374 |
| 89 | Ldm199103 | 21421539 | 516514104 |
| 90 | Levana10010 | 21039775 | 457204517 |
| 91 | Lian587 | 21088244 | 452892975 |
| 92 | Lifei2019 | 21292802 | 472658297 |
| 93 | lihailawodeguo | 21488469 | 532916688 |
| 94 | Linyii | 21208723 | 459139719 |
| 95 | liujingang2_ | 21432348 | 563079353 |
| 96 | Liuju10 | 21155848 | 526792802 |
| 97 | lucky_guy | 14498393 | 543299635 |
| 98 | Luxurybrand004 | 21031474 | 458662668 |
| 99 | Luxuryseller6666 | 21258137 | 465655194 |
| 100 | Lxlfc9999 | 21468050 | 530475435 |
| 101 | Masyi86 | 21431549 | 514479727 |
| 102 | Meng3369 | 21507001 | 537005403 |
| 103 | Mingliang3699 | 21423475 | 511535310 |
| 104 | Mk002 | 20021203 | 477418417 |
| 105 | Mkors | 21028676 | 478071417 |
| 106 | Moou736 | 21267442 | 533828216 |
| 107 | Mudan7626 | 21164955 | 533751537 |
| 108 | Mytoto | 21231851 | 450081213 |
| 109 | N6k5839 | 21423854 | 513775477 |
| 110 | Newbags2019 | 21196031 | 475714746 |
| 111 | Nfcx2273 | 21424092 | 515534548 |
| 112 | Olivia012 | 21194684 | 541944705 |
| 113 | Ptdh4 | 21471646 | 527431737 |
| 114 | Qinghua521 | 21173873 | 530099649 |
| 115 | Qwe1241163623 | 21418555 | 509120905 |
| 116 | Romantic666888 | 21218568 | 528084902 |
| 117 | Ruixue2020f | 21427822 | 513228431 |
| 118 | Saleoff | 21109503 | 503833160 |
| 119 | Sanxun3 | 21094067 | 458397751 |
| 120 | Sebentiaoxin20 | 21421052 | 509380649 |
| 121 | Shanghaihongyu | 21312441 | 510311205 |
| 122 | Sun_bloom | 21089310 | 446211181 |

| Def. No. | Defendant / Seller ID | Financial Account Information: Store Number / Merchant ID | Infringing Product ASIN /Number |
|---|---|---|---|
| 123 | Sunflowerc | 20708650 | 407170590 |
| 124 | Sunflowergift | 20819532 | 416697274 |
| 125 | Superseller816 | 20335666 | 512473596 |
| 126 | Supre_bags | 21110146 | 426579781 |
| 127 | Tanglaoya88 | 21427628 | 515530559 |
| 128 | Taotao168 a/k/a Dress Bikini Bag | 14372407 | 431025134 |
| 129 | Thankyou123 | 21388736 | 511815081 |
| 130 | Vity8 | 21238874 | 490613391 |
| 131 | Watch1888 | 21066184 | 559193270 |
| 132 | Watch5858 | 21272362 | 510254298 |
| 133 | Winnie00 | 20244036 | 445791583 |
| 134 | Winniediscountshop | 20462016 | 426438559 |
| 135 | Wudaqi | 20683144 | 431821832 |
| 136 | Xiaoqiao2020 | 21422870 | 510733745 |
| 137 | Xingfujixiang888 | 20137570 | 529384237 |
| 138 | Xishengtai2019 | 21252765 | 461800585 |
| 139 | Y67b66128 | 21424094 | 514198178 |
| 140 | Yc6h881858 | 21424099 | 514925215 |
| 141 | Yongyongxia | 21194992 | 467564635 |
| 142 | Youyi123 | 20792206 | 493019124 |
| 143 | Youyouzizai888899999 | 21434520 | 516567051 |
| 144 | Yuandan2020 | 21427770 | 513210717 |
| 145 | Yunian78363 | 21430728 | 514327905 |
| 146 | Yunqi918 | 21433348 | 515422814 |
| 147 | Zhouxinxin002 | 21054442 | 527550328 |
| 148 | Zhujianqiang11 | 21129509 | 454081236 |
| 149 | Zhuzi88 | 21300040 | 514851677 |
| 150 | Zwm222 | 21471356 | 527271366 |
| 151 | Zxk888 | 21225483 | 512644711 |